# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER BRANDON WILLIAMS,

    Defendant.

Case No. 2:05-CR-00441-KJD-LRL
Case No. 2:08-CV-01606-KJD

**ORDER**

Before the Court is Movant Christopher Brandon Williams' Motion for Leave to Proceed *in forma pauperis* (#70). The Motion is granted and Movant is permitted to proceed *in forma pauperis*.

Also before the Court is Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (#69).

I. Background

On September 29, 2005, Las Vegas Metropolitan Police Officers responded to reports of shots being fired into the air. Officers found Movant walking in the area and confronted him. Movant ignored the officers' commands and continued to move his hands inside his shirt. While one of the officers was attempting to take cover behind a patrol car, Movant walked toward him and then walked away from him. Movant was finally subdued with a taser. Officers found a Ruger .357 caliber handgun in Movant's possession.

On October 24, 2006, Movant pled guilty to one count of violation of 19 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm. Movant reserved only the right to appeal the Court's Order (#37) denying Movant's Motion to Suppress Physical Evidence and Statements for Fourth and Fifth Amendment Violations (#21) and waived the right to appeal any other aspects of the conviction and sentence. On January 17, 2007, Movant was given a custodial sentence of 51 months.

Movant appealed the Court's denial of his Motion to Suppress to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the ruling of the District Court on January 4, 2008 (#65). Movant timely filed this Motion on November 17, 2008.

II. Discussion

A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be attacked in a § 2255 motion. Tollett v. Henderson, 411 U.S. 258, 266–267 (1973). Movant pled guilty and waived his right to appeal all aspects of his conviction except the Order denying his Motion to Suppress. His appeal of that Order was unsuccessful. In the instant Motion, Movant does not contend that his plea was involuntary or that his counsel was not competent. Instead, Movant argues that "the record does not support reasonable suspicion for Mr. Williams' arrest," that he did not match the police dispatcher's description of the suspect, that the arrest was invalid, and that "all courts violated Fed. R. Crim. Pro 12(d)."

Movant cannot raise claims of non-jurisdictional constitutional defects prior to his guilty plea in a § 2255 motion, where he knowingly and voluntarily waived his right to appeal these claims. See, e.g. U.S. v. Cortez, 973 F.2d 764 (9th Cir. 1992) (plea of guilty precludes right to attach claims of constitutional violations prior to guilty plea). The Motion does not argue that the guilty plea was involuntary or made without the effective assistance of counsel. Accordingly, the Motion is denied.

III. Conclusion

**IT IS HEREBY ORDERED** that Christopher Brandon Williams' Motion for Leave to Proceed *in forma pauperis* (#70) is GRANTED.

**IT IS FURTHER ORDERED** Christopher Brandon Williams' Motion to Vacate Pursuant to 28 U.S.C. § 2255 (#69) is **DENIED**.

DATED this 4th day of January 2012.

_____
Kent J. Dawson
United States District Judge